UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**RODNEY CURTIS KIMES**                                                        **PLAINTIFF**

v.                                          **CIVIL ACTION NO. 4:16-CV-P129-JHM**

**SOUTHERN HEALTH PARTNERS**                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, Plaintiff's claims will be dismissed in part but the Court will allow Plaintiff the opportunity to amend his complaint.

**I. SUMMARY OF COMPLAINT**

Plaintiff names Southern Health Partners as the Defendant in this action. He indicates that this includes the "Nursing Staff/Medical" at the "Medical Department/Henderson County Jail."

In his complaint, Plaintiff states that when he arrived at the Henderson County Detention Center (HCDC), he informed the medical staff of his current prescription medications and their dosages, including a prescription for Prilosec "2-20 mg capsules a day (40 mg daily)." Plaintiff states that the medical staff prescribed him Zantac instead of Prilosec even though he told them that Zantac would not work for him. Plaintiff says that he then returned to "medical" because his "acid reflex/heartburn was really bad." Plaintiff alleges that a nurse then reviewed his medical records and told him that he qualified for Prilosec "with no doubt" but that she would have to get the "Marshal's approval." Plaintiff states that he then started Prilosec on one 20 mg capsule

daily and that this worked much better than the Zantac.  However, according to Plaintiff, he continued to suffer "acid reflux/heartburn" because he was only taking 20 mg of Prilosec per day instead of the 40 mg that he had been taking before he was incarcerated.  Plaintiff states that he then started "putting sick calls in" and filing grievances "to get back on [the] original dose that [had been] prescribed to [him] the last few years."  Plaintiff contends that after he put in these sick calls and grievances, "medical" took him off Prilosec and told him that his friends and family could send it to him.  Plaintiff alleges that because "medical" took him off all medication for his stomach, he was in "so much pain."  Plaintiff states that he then filed another grievance and "medical" put him back on Zantac and told him "there's nothing else they were going to do so stop putting in sick calls."

      Plaintiff then states that he continued to put in sick calls and file grievances because he continued to suffer from "acid reflux/heartburn."  Plaintiff alleges that, on one occasion, he went to sick call and told them that he "hurt so bad" from the acid reflux that he ate very little throughout the day until he received Zantac "at evening medication."  Plaintiff states that [Nurse] Brandy then told an officer that she was putting him in observation for "food intake can't sleep."  Plaintiff states that he did not understand this reasoning because he was both eating and sleeping.  According to Plaintiff, the officer told him not to worry because "these things only last 2 or 3 days as long as your eating."  Plaintiff states that, after three days went by, he inquired about his release.  The same officer told him that a doctor would review his charts, and that "as long as [he was] eating and sleeping, [he would be] released.  After five days, Plaintiff asked another officer to see when he would be released from "isolation."  A nurse then came and told him "to hang in there" because "these observations can only last 7 days."  According to Plaintiff, this same nurse told him: "Don't let them keep you in there past the 7 days because [Nurses] Kendra and Brandy

2

have it in for you and are going to try to keep you in there." Plaintiff states that the next day, "Day 6," the officers needed the cell for someone else and told him that he was going to be moved back to the general population. Plaintiff alleges that "the officer came back really mad and told me Medical (Brandy) said not to move me . . . A little later [Nurse] Ashley asked Nurse Brandy if they could move me because the officers really need the cell and [Plaintiff]'s been eating and sleeping just fine." According to Plaintiff, Nurse Brandy replied: "I'm not letting him out and I don't care if they need the cell. He will get out when I feel he has learned his lesson, besides since he's been in there I haven't got none of these" and held up a yellow sick call slip. Plaintiff states that someone again asked Nurse Brandy on "Day 7," if Plaintiff could get out of observation and Nurse Brandy replied: "I'm not letting him out today and I might keep him in there forever." Plaintiff continues: "So I'm being held in the hold for Brandy and Kendra personal amusement/vendetta because I am in severe pain and suffer daily from 'acid reflux/heartburn.'"

Plaintiff states that "at the end of day 8 and start of day 9, [a captain] came by and couldn't believe I was still locked up in isolation. He seen I was in a very bad mental [illegible] . . . I couldn't even think right now more because I know I'm being punished not observed." Plaintiff states that the captain took him to medical and that a nurse examined him and then released him. Plaintiff states that when Nurse Kendra saw him in the general population, she asked why he was out and said, "'I was going to keep him in there' in a real hateful way."

Plaintiff concludes his complaint by stating as follows:

So now today I live my life in pain and suffer everyday with acid reflux/heartburn and I am scared to seek medical attention for being punished. My anxiety goes to the roof every day because I hurt so bad and I'm scared to ask for help in fear of the punishment that Kendra and Brandy will give me. I even had to seek psychiatric help/treatment due to the mental anguish that was caused by the medical staff . . . It's obvious I need Prilosec and at a dose of 40 mg and that's

3

documented from multiple doctors and test like a upper G.I. . . . I've been treated inhumane and my civil rights has been violated. The malpractice of the medical staff has caused me severe anxiety, mental anguish, physical pain, and suffering every day.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d

1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant Southern Health Partners

"It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. at 54 (1988)). Thus, for purposes of initial review, the Court will presume that Southern Health Partners is a state actor. However, a private corporation, like Southern Health Partners "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under §

1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996). Thus, because the complaint does not allege that any policy or custom of Southern Health Partners was the moving force behind the alleged deprivation of his constitutional rights, the Court will dismiss the claims against Southern Health Partners for failure to state a claim upon which relief may be granted.

### B. Medication Issues

The Eighth Amendment protects convicted prisoners from the "unnecessary and wanton infliction of pain." U.S. Const. amend. VIII.[1] An Eighth Amendment claim requires a plaintiff to prove two distinct components - one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citations and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id.*

To satisfy the objective component of an Eighth Amendment deliberate indifference claim, Plaintiff must show the existence of a sufficiently serious medical need, meaning that he is "incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citing *Farmer*, 511 U.S. at 834). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)).

---

[1] Pretrial detainee medical claims, though they sound in the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The subjective component is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'" *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 836). In other words, "[s]atisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

Here, Plaintiff alleges that the medical staff at HCDC initially prescribed him Zantac instead of Prilosec for his "acid reflux/heartburn" even though he told them that he had a prescription for and needed Prilosec. He then states that the HCDC medical staff eventually placed him on Prilosec but only prescribed him 20 mg a day, instead of the 40 mg that he had been prescribed before he was incarcerated. Plaintiff states that he continued to file grievances regarding the dosage and that the medical staff eventually placed him back on Zantac.

Based on these allegations, the Court does not see a claim for deliberate indifference to a serious medical need. Where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, a difference of opinion between medical care providers as to appropriate treatment for an inmate's ailment does not present a constitutional controversy. *Estelle*, 429 U.S. at 105-06; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that a disagreement between prison physician and physician who originally prescribed medications is not of constitutional magnitude); *Martin v. Staubus*, No. 2:14-cv-200-TWP-DHI, 2015 U.S. Dist. LEXIS 8273 (E.D. Tenn. Jan. 26, 2015) (finding no constitutional claim where prison doctor

refused to treat plaintiff with medication he had been prescribed by a psychiatrist). Thus, even if the Court were to assume that acid reflex and heartburn constitute a serious medical need, Plaintiff cannot establish deliberate indifference because his complaint indicates that he was repeatedly seen by the medical staff at HCDC for this ailment and was prescribed medication to treat it. For these reasons, the Court will dismiss Plaintiff's claim for deliberate indifference to a serious medical need.

However, Plaintiff also claims that, at one point, he was taken off all stomach medications in retaliation for filing so many "sick call requests" and grievances. Although Plaintiff fails to name the individual who took this action as a Defendant, the Court will allow Plaintiff to amend his complaint to do so.[2] If Plaintiff's fails to amend his complaint to name this individual as a Defendant in his/her individual capacity, this First Amendment retaliation claim will also be dismissed for failure to state a claim upon which relief may be granted.

### C. Medical Segregation

With regard to Plaintiff's allegations concerning his placement in a medical observation cell, the Court finds that Plaintiff may have stated Fourteenth Amendment due process and First Amendment retaliations claim claims against "Nurse Ashley" and "Nurse Kendra." However, because Plaintiff has not named either "Nurse Ashley" or "Nurse Kendra" as Defendants in this action, the Court will allow Plaintiff to amend his complaint to do so. If Plaintiff fails to amend his complaint to name these individuals as Defendants in their individual capacities, then these claims will also be dismissed for failure to state a claim upon which relief may be granted.

---

[2] "[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows**:**

(1) Plaintiff's 42 U.S.C. § 1983 claims against Defendant Southern Health Partners are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(2) The Clerk of Court is **DIRECTED** to terminate Defendant Southern Health Partners as a party to this action.

(3) Plaintiff's claim for deliberate indifference to a serious medical need is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(4) **Within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he names "Nurse Ashley," "Nurse Kendra," and/or the medical official who allegedly took him off his medication in retaliation for filing sick call requests and grievances, as Defendants in their individual capacities.**

(5) **Plaintiff should also submit a completed summons form for each newly named Defendant within the same 30-day period.**[3]

(6) The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" affixed thereto so that Plaintiff can name "Nurse Ashley," "Nurse Kendra," and/or the medical official who allegedly took Plaintiff off his stomach

---

[3] The Court offers the following guidance to Plaintiff in his completion of the summons forms: (1) prepare a summons for each Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.

9

medication in retaliation for filing sick call requests and grievances, as Defendants in this action in their individual capacities.

(7) The Clerk of Court also **is DIRECTED** to send Plaintiff three blank summons forms.

(8) **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, the Court will dismiss Plaintiff's action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

Date: January 24, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant
Henderson County Attorney
4414.011